**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LEOTIS HERBERT HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 07-CV-142-GKF-TLW |
| | ) |
| WALTER DINWIDDIE, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action filed by Petitioner Leotis Herbert Hall, a state inmate appearing *pro se*. By Order filed March 28, 2008 (Dkt. # 16), the Court determined that none of the claims raised by Petitioner in his direct appeal were raised in the habeas petition. Further, only two (2) of Petitioner's habeas claims, identified as Ground B and the ineffective assistance of appellate counsel claim identified as part of Ground I, were presented to the OCCA on post-conviction appeal. The other grounds presented to the state district court in the application for post-conviction relief were omitted from the Petition in Error filed at the OCCA. Therefore, the Court found that only the two (2) claims presented to the OCCA on post-conviction appeal were exhausted. See Dkt. # 16. The Court further found that it would be futile to require Petitioner to return to state court to raise the omitted claims in a second post-conviction application because the OCCA routinely applies a procedural bar to such claims. Id. Because Petitioner defaulted his omitted claims, the Court advised Petitioner that an anticipatory procedural bar will be applied to deny the omitted claims unless Petitioner demonstrates "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default. Id. The Court directed Petitioner to submit

a brief addressing anticipatory procedural bar. Id. Respondent was directed to file a response to Petitioner's exhausted claims. Id.

On April 25, 2008, Petitioner filed his "brief to show cause and prejudice/fundamental miscarriage of justice" (Dkt. # 18). On May 28, 2008, Respondent filed a "combined response to petition for writ of habeas corpus/Petitioner's brief regarding the procedural default" (Dkt. # 20). Petitioner did not file a reply to Respondent's response to the exhausted claims. For the reasons discussed below, the Court finds Petitioner is not entitled to habeas corpus relief.

## *BACKGROUND*

Sometime during the early morning hours of May 28, 1983, Dorothea Stanford was murdered at her home in Bartlesville, Oklahoma. The murder remained unsolved for almost twenty (20) years. On February 20, 2003, based on the results of DNA comparison, Petitioner Leotis Herbert Hall was charged in Washington County District Court, Case No. CF-2003-84, with First Degree Murder in the death of Dorothea Stanford. The record reflects that at the conclusion of a jury trial held September 3-9, 2003, Petitioner was convicted of First Degree Murder. On September 16, 2003, the trial court sentenced Petitioner to life without the possibility of parole. Attorney Mark Kane represented Petitioner during trial proceedings.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner, represented by attorney Bill Zuhdi, raised five (5) issues. In an unpublished opinion filed March 29, 2005 (Dkt. # 20, Ex. 3), the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the district court. None of the direct appeal issues is raised by Petitioner in his petition for writ of habeas corpus.

On March 29, 2006, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court. He raised ten (10) grounds of error as follows:

I. Conviction obtained by use of [DNA] evidence obtained pursuant to an unlawful search and seizure.

II. Conviction obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant.

III. Conviction was obtained by the knowing use of perjured testimony.

IV. Denial of compulsory process to obtain witnesses favorable to the defendant.

V. Conviction obtained by the use of evidence obtained pursuant to an unlawful line-up or identification procedure.

VI. Evidence of other crimes erroneously allowed by district court.

VII. District judge failed to instruct jury properly on inconsistent testimony.

VIII. District court judge should have recused herself from presiding over trial in which she had aforeknowledge and prejudice of defendant.

IX. Ineffective assistance of appellate counsel for failing to raise meritorious issues in direct appeal.

X. Petitioner sentenced beyond controlling range of punishment for crime of Murder in the First Degree. Petitioner's sentence was not applicable in 1983, the time in which the alleged crime was committed.

(Dkt. # 20, Ex. 4). By order filed July 25, 2006 (Dkt. # 20, Ex. 5), the state district court summarily denied the request for post-conviction relief. Petitioner appealed. In the Petition in Error filed on post-conviction appeal, Petitioner identified two claims, as follows:

Proposition 1: Petitioner believes that he was denied his Sixth and Fourteenth Amendment rights to effective assistance of appellate counsel on direct appeal for the following reasons:
(A) Ineffective assistance of appellate counsel for failing to raise meritorious issues in direct appeal. Appellate counsel's failure to litigate on direct appeal trial counsel's deficiency to make motion to quash or to make objections to state's charge in Count One on the

3

> ground that said count was ex post facto charge because the crime of murder committed in 1983. By clearly established law, mandates that the punishment at the time of the commission of the crime controls.

> Proposition 2: District court judge assigned to adjudicate the application for post-conviction relief failed to prepare a detailed order setting out specific findings of fact and conclusions of law on each proposition for relief presented on the application. The order did not specify the pleadings, documents, exhibits, specific portions of the original record and transcripts, considered in adjudicating the application, which should have then become part of the record on appeal as defined by Rule 5.2(C)(3) in compliance to rules of the Court of Criminal Appeals.

See Dkt. # 20, Ex. 6. By Order filed December 5, 2006 (Dkt. # 20, Ex. 7), the OCCA affirmed the denial of post-conviction relief after considering and rejecting two (2) claims: (1) a substantive claim that since Petitioner's sentence of life without the possibility of parole was unavailable at the time of the alleged crime, imposition of the sentence violated the *ex post facto* clause of the constitution; and (2) that appellate counsel provided ineffective assistance in failing to raise the substantive claim on direct appeal. See Dkt. # 20, Ex. 7.

Petitioner filed the instant petition for writ of habeas corpus on March 6, 2007, and identified nine (9) grounds of error, as follows:

A. My conviction was obtained through state's failure to disclose favorable evidence, as a result, I was denied a fair trial and due process under the U.S. Constitution Amendments 4, 5, 6, and 14.
[Supporting facts: DNA evidence, obtained pursuant to an improper search and seizure, was used to obtain conviction, trial counsel was ineffective for failing to properly investigate and/or secure funds for independent analyses, and I was denied a full and proper defense.]

B. I was sentenced illegally, in violation of The Ex Post Facto clause of the United States Constitution, and 8th Amendment.

C. I was deprived of a fair trial by District Court permitting evidence of 'other crimes', not charged in the information.

D. Witnesses, Philmore Wooten and Natilie [sic] Downing were permitted to perjure themselves in giving testimony that I was involved in some scheme when in fact I was incarcerated. The state never requested a curative instruction as it is the responsibility of the state, not my attorney to cure this mistake. This gave the jury a false impression. My 5th, 6th and 14th Amendment rights under the Constitution were denied me.

E. Trial court refused to give a Prior Inconsistent Statement instruction to his jury regarding the credibility, or the "weight" one should give to the testimonial 'non sequiturs.'

F. My 6th Amendment right to present a complete defense was denied me. Witnesses who were listed as defense witnesses were not called to the stand by my attorney, in violation of 5th, 6th, and 14th Amendments under the U.S. Constitution.

G. Trial court refused to give a Prior Inconsistent Statement instruction to his jury regarding the credibility, or the "weight" one should give to the testimonial 'non sequiturs.'

H. I was denied a trial in front of an Impartial Tribunal, in violation of 5th, 6th and 14th Amendments under the Constitution of the United States.

I. I was denied reasonably effective assistance of appellate counsel on appeal, in violation of 5th, 6th, and 14th Amendments. Counsel failed to present evidence of trial counsel ineffectiveness concerning all of the grounds as brought in this petition, concerning trial errors.

(Dkt. # 1). For the reasons discussed below, the Court finds Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d) as to ground B and part of ground I. His remaining grounds are procedurally barred.

*ANALYSIS*

**A. Exhaustion/evidentiary hearing**

As discussed above, the Court has previously determined that Petitioner presented two (2) of his habeas claims to the OCCA on post-conviction appeal and those claims are exhausted. However, he failed to present six (6) of his claims to the OCCA on post-conviction appeal. Although those six (6) claims are unexhausted, it would be futile to require Petitioner to return to

state court to raise those claims in a second application for post-conviction relief. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (the futility exception is a narrow one, and is supportable "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief"); see also Coleman v. Thompson, 501 U.S. 722 (1991); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993). Because there is an absence of available State corrective process, see 28 U.S.C. § 2254(b)(1)(B), Petitioner's claims are not barred by the exhaustion requirement.

**B. Anticipatory procedural bar**

The procedural default of Petitioner's habeas claims never before presented to the OCCA would result in the imposition of a bar based on independent and adequate state procedural grounds should Petitioner return to state court to raise those claims in a second application for post-conviction relief. See Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). An "'[a]nticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." Anderson v. Sirmons, 476 F.3d 1131, 1140 n. 7 (10th Cir. 2007) (quoting Moore v. Schoeman, 288 F.3d 1231, 1233 n. 3 (10th Cir. 2002)).

To overcome the anticipatory procedural bar applicable to those habeas claims which were omitted on post-conviction appeal, Petitioner must demonstrate either "cause and prejudice" or a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Maes, 46 F.3d at 985. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and

6

interference by state officials. Id. A petitioner is additionally required to establish prejudice, which requires showing "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). The alternative is proof of a "fundamental miscarriage of justice," which requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

On April 28, 2008, Petitioner filed his response (Dkt. # 18) to the Court's Order directing him to demonstrate "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the anticipatory procedural bar applicable to his defaulted claims. Rather than explaining why he failed to raise his defaulted claims on post-conviction appeal, Petitioner contests the Court's finding that he failed to raise the claims. See Dkt. # 18. He states that he "has pleaded exhaustion and stands on his claim that he has done so properly." Id. Petitioner argues that because he attached his application for post-conviction relief as filed in the state district court to his petition in error filed in the OCCA, he was "informing the OCCA that the district court had not addressed the ten (10) grounds raised in petitioner's post-conviction application and was REQUESTING the OCCA to order the lower court to in fact, re-examine and adhere and abide by rule 5.2(C)(3) and prepare a detailed order setting out specific findings of facts and conclusion for EACH proposition for relief presented in the application." Id. (emphases in original). Nothing presented by Petitioner, however, alters the Court's previous conclusion that only two (2) claims raised in the habeas petition were "fairly presented" to the OCCA on post-conviction appeal. See Baldwin v. Reese, 541 U.S. 27 (2004) (focusing on the requirement of "fair presentation" and finding that a claim is not "fairly presented" to a state appellate court if that court must read beyond "a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as

7

a lower court opinion in the case, that does so"). The only federal issues discussed by Petitioner in his post-conviction appeal brief filed at the OCCA are the *ex post facto* and ineffective assistance of counsel issues. Thus, those are the only exhausted claims raised in the habeas petition.

Because Petitioner has failed to offer an explanation for his failure to raise his defaulted claims on post-conviction appeal, the Court finds that he has failed to demonstrate "cause" sufficient to overcome the anticipatory procedural bar. In addition, because Petitioner has failed to demonstrate "cause," the Court need not assess the "prejudice" component of the inquiry.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. A petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. In this case, Petitioner claims to be actually innocent of the crime of which he was convicted. Although he claims his conviction was obtained through the use of perjured testimony by witnesses Natalie Downing and Philmore Wooten, see Dkt. # 18, he has failed to present new evidence in support of his claim of innocence. He cites to records from the Oklahoma Department of Corrections allegedly verifying that he was incarcerated during the time when

8

witnesses Downing and Wooten claimed to have had contact and communication with him in Bartlesville, Oklahoma, in mid-1989. That evidence, however, is not "new" since it was available at the time of trial. In the absence of new evidence supporting a claim of factual innocence, the Court finds Petitioner may not utilize the fundamental miscarriage of justice exception to overcome the anticipatory procedural bar applicable to his claims.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his defaulted claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims. Coleman, 501 U.S. at 724. Habeas corpus relief shall be denied as to those claims.

**C. Claims adjudicated by the OCCA on post-conviction appeal**

When a state court has adjudicated a constitutional claim, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Bell v. Cone, 535 U.S. 685, 694 (2002); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the OCCA adjudicated Petitioner's ground B and part of ground I on post-conviction appeal. Therefore, those claims shall be reviewed pursuant to 28 U.S.C. § 2254(d).

    **1.** *Ex post facto* **violation**

In ground B of his petition, Petitioner complains that he was sentenced illegally in violation of the Ex Post Facto clause of the United States Constitution, and the 8th Amendment. See Dkt. # 1. Petitioner explains that when the murder was committed in 1983, the sentencing options were

limited to death or imprisonment for life. See id. Petitioner presented this claim to the OCCA on post-conviction appeal. See Dkt. # 6. The OCCA found the claim was without merit, and explained its ruling as follows:

> Petitioner misunderstands the *ex post facto* clause of the constitution. A statutory change only violates the *ex post facto* clause of the constitution if it increases the penalty by which a crime is punishable, or in other words, if it is more onerous that the law in effect on the date of the offense. *Barnes v. Scott*, 201 F.3d 1292, 1294. Death was the maximum punishment for Murder in the First Degree at the time Petitioner committed his crime. 21 O.S.1981, § 701.9. The subsequent statutory change adding a sentencing option of life without parole did not and cannot increase the penalty of death that was in effect at the time Petitioner committed his crime. That change simply added an intermediate punishment and did not prescribe more onerous punishment than that available under the old law. *Barnes*, 201 F.3d at 1296.

(Dkt. # 20, Ex. 7).

Petitioner is not entitled to habeas corpus relief on this claim unless he demonstrates that the OCCA's adjudication was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He has failed to make the necessary showing. In Barnes v. Scott, 201 F.3d 1292 (10th Cir. 2000), the case cited by the OCCA in rejecting Petitioner's claim on post-conviction appeal, the Tenth Circuit considered the precise issue raised by Petitioner in this case: whether application of the 1987 amendment to Okla. Stat. tit. 21, § 701.9, adding an intermediate punishment of life without the possibility of parole for the crime of First Degree Murder, to a defendant who committed his crime prior to the amendment violated the *ex post facto* clause. The Tenth Circuit, relying on California Dep't of Corrections v. Morales, 514 U.S. 499, 506 n.3 (1995) (noting that following Collins v. Youngblood, 497 U.S. 37 (1990), the focus of an *ex post facto* inquiry is "whether any such change alters the definition of criminal conduct or increases the

penalty by which a crime is punishable"), found no *ex post facto* violation. Barnes, 201 F.3d at 1294-96. The Court specifically held as follows:

> . . . the amendment to § 701.9 provides an intermediate alternative punishment for the crime of first degree murder. It does not alter the crime for which Mr. Barnes was indicted, increase the maximum punishment prescribed for that crime, or change the quantity or level of proof necessary to convict him. See Dobbert v. Florida, 432 U.S. 282, 294, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977) (holding it "axiomatic that for a law to be ex post facto it must be more onerous than the prior law").

Barnes, 201 F.3d at 1296. The OCCA relied on the Barnes rational in rejecting Petitioner's *ex post facto* claim on direct appeal. Nothing provided by Petitioner in this habeas action suggests that the OCCA's adjudication of his *ex post facto* claim was contrary to, or an unreasonable application of federal law as determined in Morales, Collins, and Dobbert. Therefore, he is not entitled to habeas corpus relief on this claim.

**2. Ineffective assistance of appellate counsel**

As part of ground I, Petitioner claims he was denied the effective assistance of appellate counsel. The only exhausted claim contained in ground I is Petitioner's claim that appellate counsel provided ineffective assistance in failing to raise his *ex post facto* claim on direct appeal. The OCCA, citing Strickland v. Washington, 466 U.S. 668, 694 (1984), rejected this claim on post-conviction appeal.

Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel unless he demonstrates that the OCCA's adjudication was an unreasonable application of Supreme Court law. In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for general claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). To establish ineffective assistance of counsel under Strickland, a petitioner must show that his

counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A petitioner can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93). The Court has determined above that the omitted issue, that Petitioner was sentenced in violation of the *ex post facto* clause, is meritless. Therefore, appellate counsel did not provide ineffective assistance in failing to raise the claim on direct appeal. Petitioner has not demonstrated that the OCCA's rejection of this claim was an unreasonable application of Strickland. Therefore, he is not entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

**DATED** this 12th day of February, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma